# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| M. Paul Weinstein,<br><br>　　　Plaintiff<br><br>v.<br><br>Meritor, Inc.,<br><br>　　　Defendant | Case No.: 2:16-cv-01076-JAD-VCF<br><br>**Order (1) Denying Weinstein's Motion for Partial Summary Judgment, (2) Granting Meritor's Motion for Summary Judgment, (3) Denying Weinstein's Motion for Reconsideration, (4) Denying Weinstein's Motion for Leave to File Reply, (5) Denying Weinstein's Motion to Strike, and (6) Closing this Case**<br><br>[ECF Nos. 65, 83, 124, 127, 129] |

Plaintiff M. Paul Weinstein sues defendant Meritor, Inc. for reneging on an agreement to purchase an anti-corrosion coating product called ZXP3 or NanoWard and then disparaging the product to potential customers. I previously granted Meritor's motion to dismiss Weinstein's second amended complaint in part, but gave Weinstein leave to amend.[1] Weinstein's third amended complaint asserts causes of action for interference with prospective economic advantage, injurious falsehood, breach of contract, promissory estoppel, and violations of the Nevada Deceptive Trade Practices Act (NDTPA).[2] Weinstein moves for partial summary judgment on his intentional-interference and injurious-falsehood claims, and Meritor moves for summary judgment on all claims. Weinstein also objects to Magistrate Judge Ferenbach's rulings denying his motion for a dispositive sanction under Rule 37 against Meritor and to consolidate his motion for sanctions with the summary-judgment motions. Weinstein moves for

---

[1] ECF No. 49.
[2] ECF No. 70.

leave to file a reply in support of his objection and to strike Meritor's response to his motion for leave.

The parties are familiar with the facts, and I do not repeat them here except where necessary.[3] I deny Weinstein's summary-judgment motion and grant Meritor's because Weinstein fails to identify evidence capable of admission at trial to raise a genuine issue of material fact. I overrule Weinstein's objections to Judge Ferenbach's order because he fails to identify an error. I deny Weinstein's motion for leave to file a reply in support of his objections because he has not shown good cause to do so. And I deny Weinstein's motion to strike Meritor's response to his motion for leave because Meritor is entitled to file a response to his motion.

**Discussion**

**I.  Motions for summary judgment [ECF Nos. 65, 83]**

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[4] The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[5] If the moving party satisfies its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show a genuine issue for trial.[6] "When simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the

---

[3] I incorporate herein the facts detailed in my prior order. ECF No. 49.
[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[5] *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).
[6] Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Auvil v. CBS 60 Minutes,* 67 F.3d 816, 819 (9th Cir. 1995).

2

appropriate evidentiary material identified and submitted in support of"—and against—"both motions before ruling on each of them."[7]

### A. Intentional interference with prospective economic advantage

Weinstein alleges that Meritor intentionally interfered with his business relationships with other potential purchasers of NanoWard, including Centric Parts, Bendix, UQuality, Peterbilt, Blue Bird Bus, and First Student, by refusing to validate NanoWard.[8] Meritor argues it could not have interfered because opportunities are not cognizable business expectancies, there is no evidence showing that Meritor had the requisite intent, and Weinstein's alleged damages are speculative.[9]

Under Michigan law,[10] interference with prospective economic advantage requires proof of: "(1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy by the defendant; (3) intentional interference by the defendant which induces or causes a breach or termination of the relationship or expectancy; and (4) damage to the plaintiff."[11] A "valid business expectancy" is more than a "subjective expectation of entering

---

[7] *Tulalip Tribes of Washington v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (citing *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001)).

[8] Weinstein asserts in his third amended complaint that Meritor interfered with his business relationships with third-parties, but he appears to argue in his motion for partial summary judgment that Meritor interfered with Weinstein's business relationship with Meritor. *Compare* ECF No. 70 *with* ECF No. 65 at 17–18. Weinstein later appears to abandon that argument, but to the extent he claims that Meritor interfered with Weinstein's relationship with Meritor, that claim fails as a matter of law. *See, e.g.*, *Reed v. Michigan Metro Girl Scout Council*, 506 N.W.2d 231, 233 (Mich. App. 1993) ("To maintain a cause of action for tortious interference, the plaintiffs must establish that the defendant was a 'third party' to the contract or business relationship.").

[9] ECF Nos. 65 at 15–24; 83 at 8–15.

[10] I previously ruled that Michigan law applies to Weinstein's tort- and contract-based claims, ECF No. 49 at 6–8, and the parties both apply Michigan law in their briefs.

[11] *Stromback v. New Line Cinema*, 384 F.3d 283, 306 (6th Cir. 2004) (quoting *BPS Clinical Labs. v. Blue Cross & Blue Shield of Mich.*, 552 N.W.2d 919, 925 (Mich. App. 1996).

into a business relationship."[12]  "The expectancy must be a reasonable likelihood or probability, not mere wishful thinking."[13]  For example, one district court applying Michigan law held that a plaintiff did not have a valid business expectancy in an agreement to negotiate a series of agreements that were themselves subject to multiple approvals and contingencies.[14]

Weinstein's proffered business opportunities are either speculative or irrelevant. Weinstein only had "preliminary discussions"—consisting of phone calls and a single meeting—with UQuality and Centric Parts, and Weinstein never discussed specific terms with either company.[15]  With respect to Bendix, the only evidence in the record is an email from Weinstein to Bendix responding to Bendix's purported interest in NanoWard.[16]  Weinstein does not cite to evidence in support of his assertion that he had a valid business expectancy with Peterbilt.[17]  Blue Bird and First Student either tested or expressed interest in ZXP3, but through Meritor and only in 2010, well before the alleged interference in 2014 and 2015.[18]  Because a reasonable jury could not find that Weinstein had anything more than a subjective expectation of a business relationship at the time of Meritor's alleged interference, no genuine issue of fact remains for

---

[12] *Saab Auto. AB v. Gen. Motors Co.*, 953 F. Supp. 2d 782, 789 (E.D. Mich. 2013), *aff'd*, 770 F.3d 436 (6th Cir. 2014) (quotation and alterations omitted).

[13] *Id.*

[14] *Id.*

[15] ECF Nos. 65-1 at 12; 83-2 at 13–17. Weinstein states in his declaration that Centric Parts's CEO offered to purchase NanoWard on the condition that Meritor confirmed that it didn't own the formula, but Meritor objects under Rule 56(c)(2) to consideration of this testimony as hearsay. ECF Nos. 65-3 at 14, 76 at 16, 83 at 12. Weinstein does not argue a hearsay exception applies or that he could present this evidence in admissible form at trial. ECF Nos. 80; 86 at 9. Because I do not perceive a path to admissibility for this evidence, I sustain Meritor's objection and do not consider it.

[16] ECF No. 86-1 at 88.

[17] ECF No. 86 at 9.

[18] ECF No. 86-1 at 35–36.

4

trial on Weinstein's intentional-interference claim.[19] So I grant Meritor's motion for summary judgment on this claim.

**B.  Injurious falsehood**

Weinstein alleges that Meritor told Centric Parts and others that NanoWard failed Meritor's tests.[20] Meritor argues that the only evidence of these statements is inadmissible hearsay, there is no evidence of causation, and Weinstein's damages are speculative.[21]

In Michigan, an injurious-falsehood claim requires proof "(1) that the defendant published a false statement to a third party knowing that statement to be false (or acting in reckless disregard for its truth or falsity); (2) that the defendant knew, or should have known, that this false publication would likely result in pecuniary loss or in harm to interests of the plaintiff having a pecuniary value; and (3) that the plaintiff suffered special damages as a result."[22] Because injurious falsehood requires a false statement to a third party, false intracorporate communications do not give rise to an injurious-falsehood claim under Michigan law.[23]

Weinstein devotes much of his briefs to purportedly false statements made within Meritor,[24] but such intracorporate communications cannot give rise to an injurious-falsehood

---

[19] I need not and do not address Meritor's other arguments for summary judgment.

[20] ECF No. 70 at ¶ 132.

[21] ECF Nos. 76 at 25–28; 83 at 25–29.

[22] *Neshewat v. Salem*, 173 F.3d 357, 364 (6th Cir. 1999).

[23] *See Bay City-Abrahams Bros. v. Estee Lauder, Inc.*, 375 F. Supp. 1206, 1213 (S.D.N.Y. 1974) (predicting Michigan law) ("At best, the facts alleged would reveal only the existence of certain of defendants's intracorporate communications and certain other conflicting communications between defendant and plaintiff. Such fact, if proved, would not suffice to bring defendant's conduct within the ambit of injurious falsehood."); *see also* Restatement (Second) of Torts § 623A cmt. e (1977) ("The statement that contains the injurious falsehood must be published to a third party.").

[24] ECF No. 86 at 12–14. Weinstein speculates that these emails may have been blind-copied to other companies in the industry but offers no evidence for his assertion.

5

claim. With respect to cognizable statements made to a third-party, Weinstein offers his declaration that Bendix and Blue Bird executives told him that "the word was out" about NanoWard's failed testing.[25] Weinstein also points to Zane McCarthy's declaration that Centric Parts and First Student had told him the same.[26] Meritor objects under Rule 56(c)(2) to consideration of these statements because they are inadmissible hearsay.[27] Weinstein does not argue in response that the statements are subject to a hearsay exception or that he could present this evidence in an admissible form at trial.[28] Weinstein states that McCarthy could testify at trial, but the hearsay problem would remain.[29] So I sustain Meritor's objection. Because there is no evidence of a false statement in the record capable of admission at trial, no genuine issue of fact remains as to Weinstein's injurious-falsehood claim.[30] So I grant Meritor's motion for summary judgment on this claim.

### C. Breach of contract and promissory estoppel

Weinstein alleges that he had two oral contracts and a written requirements contract with Meritor to sell it NanoWard.[31] Meritor moves for summary judgment on Weinstein's breach-of-contract claims, arguing that the oral contracts are barred by the statute of frauds and no written

---

[25] ECF Nos. 65 at 26-27; 65-3 at 18.

[26] ECF No. 65-3 at 31.

[27] ECF Nos. 76 at 25-28; 83 at 25–29.

[28] ECF Nos. 80; 86 at 12–14; *see also Romero v. Nev. Dep't of Corr.*, 673 F. App'x 641, 644 (9th Cir. 2016) ("Although Rule 56 was amended in 2010 to eliminate the unequivocal requirement that evidence submitted at summary judgment must be authenticated, the amended Rule still requires that such evidence would be admissible in evidence at trial." (quotation omitted)).

[29] ECF No. 86 at 12–13.

[30] I need not and do not address Meritor's other arguments for summary judgment.

[31] ECF No. 70 at ¶¶ 89–116.

6

contract exists.[32] Weinstein responds that a promissory-estoppel exception to the statute of frauds applies because Meritor promised to reduce the agreement to writing by issuing electronic-purchase orders.[33] Weinstein separately alleges a promissory-estoppel claim premised on Meritor's promise to issue electronic purchase orders.[34] Meritor responds that Weinstein's estoppel arguments must fail because Weinstein did not reasonably rely on Meritor's alleged promise.[35]

Michigan's statute of frauds generally requires any contract for the sale of goods over $1,000 to be in writing to be enforceable.[36] But Michigan courts have recognized an estoppel exception to the statute of frauds when a party has promised to put an agreement in writing.[37] To invoke the estoppel exception as well as his separate claim for promissory estoppel, Weinstein must prove "(1) a promise (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee and (3) that, in fact, produced reliance or forbearance of that nature (4) in circumstances requiring

---

[32] ECF No. 83 at 16–23.

[33] ECF No. 86 at 10–11.

[34] ECF No. 70 at ¶ 118.

[35] ECF Nos. 83 at 17–19, 23-24; 94 at 6–8.

[36] Mich. Comp. Laws § 440.2201.

[37] *See Metro. Alloys Corp. v. Considar Metal Mktg., Inc.*, 615 F. Supp. 2d 589, 595 (E.D. Mich. 2009) (explaining that the statute of frauds does not bar a breach-of-contract claim when the defendant promised a forthcoming written confirmation of an oral contract); *Fairway Mach. Sales Co. v. Contl. Motors Corp.*, 198 N.W.2d 757, 758 (Mich. App. 1972) (finding genuine issues of material fact regarding the existence of a contract when a defendant accepted a deal and promised to put it into writing).

7

enforcement of the promise if injustice is to be avoided."[38] "[T]he reliance interest protected by [promissory estoppel] is reasonable reliance."[39]

Weinstein's estoppel defense to the statute of frauds and promissory-estoppel claim are both premised on Meritor's alleged promise to issue electronic purchase orders for ZXP3.[40] But Weinstein also must prove reasonable reliance on that promise. Even though Weinstein provides evidence that he took a number of actions in reliance on the promise,[41] his admissions suggest that his reliance was not reasonable. In his deposition, Weinstein admitted that no contract is entered until "[t]hat point in time comes when they enter an [electronic-purchase order]. There is no contract until – and we always understood, until purchasing sends you an [electronic-purchase order], you have no deal."[42] Weinstein similarly testified that "[t]here's no sense" in buying raw materials until receipt of an electronic purchase order, explaining that he wouldn't "want to take that much of a risk."[43] Because Weinstein's actions taken in reliance on Meritor's alleged promise are equally consistent with strategic business decisions to obtain a contract with Meritor, no reasonable jury could find that this was the kind of reasonable reliance interest protected by promissory estoppel. Because no genuine issue of fact remains as to Weinstein's reasonable reliance, Weinstein cannot avoid the statute-of-frauds defense to his breach-of-oral-contract

---

[38] *Zaremba Equip., Inc. v. Harco Nat'l Ins. Co.*, 761 N.W.2d 151, 166 (Mich. App. 2008); *see also Auto. Interior Innovations, LLC v. Mata AHSAP VE OTOMOTIV TIC SAN AS*, No. 13-CV-12542, 2015 WL 4162489, at *16 (E.D. Mich. July 9, 2015) (requiring proof of promissory estoppel to invoke estoppel exception to statute of frauds).

[39] *State Bank of Standish v. Curry*, 500 N.W.2d 104, 107 (Mich. 1993).

[40] ECF No. 70 at ¶¶ 90, 118.

[41] ECF No. 86-1 at 70–71.

[42] ECF No. 83-2 at 29.

[43] *Id.* at 43.

claim and cannot establish his promissory-estoppel claim. So I grant Meritor's motion for summary judgment on those claims.

For his breach-of-written-contract claim, Weinstein alleges that the representations and agreements contained in the parties' emails and other communications comprise a written requirements contract.[44] But Weinstein disavowed that he was pursuing a requirements contract claim in his deposition.[45] And rather than identify the emails or other documents comprising the contract, Weinstein explains that defendants have failed to produce them.[46] Because there is no genuine issue of fact as to the existence of a written contract, I grant Meritor's motion for summary judgment on Weinstein's breach-of-written-contract claim.

**D.     NDTPA**

Weinstein alleges that Meritor violated Nevada Revised Statutes § 598.0915(15)'s prohibition of "knowingly mak[ing] any . . . false representation[s] in a transaction."[47] Weinstein specifies two sets of purportedly false representations: (1) statements misrepresenting Meritor's intention to issue electronic purchase orders; and (2) statements misrepresenting the test protocol to be used for testing ZXP3.[48] Meritor moves for summary judgment on these claims, but Weinstein does not respond.[49] I grant Meritor's motion because: (1) Weinstein's lack of response leaves him without a genuine issue on this claim[50]; (2) Weinstein concedes that the

---

[44] ECF No. 70 at ¶¶ 105–106.
[45] ECF No. 83-2 at 44–45.
[46] ECF No. 86 at 11–12.
[47] ECF No. 70 at ¶¶ 134–141.
[48] *Id.* at ¶¶ 135, 137.
[49] ECF Nos. 83 at 28–30; ECF No. 86.
[50] The failure to oppose a motion for summary judgment does not permit the court to enter summary judgment by default, but the lack of a response is not without consequences. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). As Rule 56(e) explains, "If a party

9

individuals he accuses of making false representations regarding Meritor's intent to issue electronic-purchase orders were not lying, so no genuine issue of fact remains as to whether they had the requisite intent[51]; and (3) Weinstein does not raise a genuine issue of fact as to whether the purported misrepresentations regarding the test protocol caused his damages.[52]

### E. Rule 56(d)

Weinstein devotes much of his reply in support of his summary-judgment motion and opposition to Meritor's summary-judgment motion to Meritor's failure to produce documents in discovery.[53] To the extent Weinstein raises Rule 56(d), it falls flat because he fails to show by affidavit or declaration that he cannot present facts essential to justify his opposition to Weinstein's summary-judgment motion, as is required to obtain relief under the rule[54]

## II. Objections to Judge Ferenbach's rulings [ECF No. 124]

Faced with Meritor's arguments in opposition to his motion for summary judgment, Weinstein filed a motion for dispositive sanctions under Rule 37 concurrently with his reply.[55] Weinstein later moved to consolidate his motion for dispositive sanctions with his summary-judgment motion for a hearing before me.[56] Magistrate Judge Ferenbach denied Weinstein's

---

fails . . . to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2) & (3); *Heinemann*, 731 F.3d at 917.

[51] ECF No. 83-2 at 21–22.

[52] *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 657 (D. Nev. 2009) (NDTPA has a causation requirement).

[53] ECF Nos. 80; 86 at 2–4, 14–15.

[54] Fed. R. Civ. P. 56(d).

[55] ECF No. 81.

[56] ECF Nos. 110; 119.

motions in a hearing.[57] Weinstein now objects on various grounds.[58] After recounting the standard for reviewing a magistrate judge's order, I address each objection in turn.

When a litigant challenges a magistrate judge's ruling on a pretrial matter like this one, he must show that the "order is clearly erroneous or contrary to law."[59] The objecting party "must file and serve specific written objections" within "14 days after service of the order."[60] "Replies will be allowed only with leave of the court."[61] "The district judge may affirm, reverse, or modify in whole or in part, the magistrate judge's order" or "remand the matter to the magistrate judge with instructions."[62]

Weinstein first objects that Judge Ferenbach erred by denying his request to consolidate his motions for sanctions with the summary-judgment motions before me because he requested dispositive sanctions.[63] Under this district's local rules, "[a] magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)."[64] A motion for sanctions under Rule 37 is not one of the eight motions enumerated in § 636(b)(1)(A).[65] And I will not deem Weinstein's discovery motion a dispositive one merely because it seeks dispositive sanctions; to do so would allow litigants to undermine

---

[57] ECF Nos. 122; 123.
[58] ECF No. 124.
[59] 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a).
[60] LR IB 3-1(a).
[61] *Id.*
[62] LR IB 3-1(b).
[63] ECF No. 124 at 5–10.
[64] LR IB 1-3.
[65] 28 U.S.C. § 636(b)(1)(A).

11

the division of labor between district judges and magistrate judges by including meritless requests for dispositive sanctions in their discovery motions. So I overrule this objection.

Weinstein next objects that Judge Ferenbach erred by stating that Rule 37 sanctions may only be issued after violation of a prior discovery order because Rule 37(c) provides for "self-executing" sanctions.[66] Rule 37(b)(2) authorizes sanctions for "fail[ing] to obey an order to provide or permit discovery."[67] In the hearing on Weinstein's motion, Judge Ferenbach stated that "Rule 37, you know, the sanctions, particularly Rule 37(b)(2) says sanctions sought in a District Court where the action is pending for not obeying a discovery order. That's the first thing that's required for these type of sanctions . . . ."[68] But Judge Ferebach was responding to Weinstein's argument that Meritor failed to produce documents during discovery, thus implicating Rule 37(b)(2).[69] Because the context and Judge Ferenbach's statement itself make clear that he was referring to Rule 37(b)(2), I overrule Weinstein's objection on this ground.

Weinstein also objects that Judge Ferenbach erred by denying his motion for sanctions under Rule 37(c).[70] Rule 37(c)(1) excludes information or witnesses not disclosed under Rule 26(a) or (e) unless the failure was substantially justified or is harmless.[71] Rule 37(c)(1)(C) authorizes other appropriate sanctions for violations, including dispositive sanctions.[72] Weinstein argues that Meritor's disclosures were deficient because they were served almost three

---

[66] ECF No. 124 at 10–13.
[67] Fed. R. Civ. P. 37(b)(2)(A).
[68] ECF No. 123 at 32.
[69] *Id.* at 31.
[70] ECF No. 124 at 11–13; 15–16.
[71] Fed. R. Civ. P. 37(c)(1).
[72] Fed. R. Civ. P. 37(c)(1)(C).

12

months late and unaccompanied by documents.[73] But Rule 26 allows a party to satisfy its initial-disclosure obligations by including "a description by category and location" of relevant documents.[74] And Meritor's delay was substantially justified by its pending motion for judgment on the pleadings and expectation that Weinstein would file an amended complaint. Weinstein's own delay in objecting to Meritor's delayed disclosures suggests that Meritor's delay was also harmless. A minor discovery violation that occurred over three years ago—and that Weinstein did not object to until faced with Meritor's opposition to his motion for summary judgment—does not merit dispositive sanctions. So I overrule Weinstein's objection on this ground.

Weinstein also objects that Judge Ferenbach erred by denying his motion for sanctions under Rule 37(e).[75] Rule 37(e) authorizes sanctions for failure to preserve electronically stored information. Weinstein argues that Meritor failed to preserve former Meritor employee David Casteel's documents, but Meritor provides evidence that it preserved and searched Casteel's hard drive and documents.[76] So I overrule Weinstein's objection on this ground.

Weinstein also objects that Judge Ferenbach failed to make credibility determinations and was biased in favor of Meritor.[77] In contrast to Rule 72(b)'s requirement that a magistrate judge make findings of fact on dispositive matters, Rule 72(a) does not require a magistrate judge to make specific findings on nondispositive matters.[78] And "[i]n the absence of any evidence of

---

[73] ECF Nos. 81-1 at 3–4; 124 at 11.
[74] Fed. R. Civ. P. 26(a)(1)(A)(ii).
[75] ECF No. 124 at 16–20.
[76] ECF No. 88-1 at ¶ 8.
[77] ECF No. 124 at 20–24.
[78] Fed. R. Civ. P. 72.

some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity, even if those remarks are critical or disapproving of, or even hostile to, counsel, the parties, or their cases."[79] Judge Ferenbach was not requited to make formal credibility determinations. And having reviewed Judge Ferenbach's orders and the transcripts of the underlying hearings, I find that Weinstein's perceived bias amounts to—at most—adverse rulings and impatient remarks. So I overrule Weinstein's objections on these grounds.

**III. Motions for leave to file reply and to strike [ECF Nos. 127, 129]**

Weinstein moves for leave to file a reply in support of his objections in order to respond to Meritor's "nonresponsive arguments, misstatements of fact, and personal attacks."[80] Meritor responds that Weinstein does not demonstrate good cause and Weinstein's proposed reply rehashes his arguments on the merits of his motion.[81] Weinstein moves to strike Meritor's responses as noncompliant with the local rules.[82]

This district's local rules provide that replies in support of objections to a Magistrate Judge's order "will be allowed only with leave of the court." [83] The local rules also afford 14 days after service of a motion to "file and serve any points and authorities in response to the motion."[84] Having reviewed Weinstein's proposed reply, I deny Weinstein's motion for leave to file it because I find that the arguments have been fully developed in the initial briefing before

---

[79] *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008) (quotation omitted).
[80] ECF No. 127.
[81] ECF No. 128.
[82] ECF No. 129.
[83] LR IB 3-1(a).
[84] LR 7-2(b).

14

Judge Ferenbach and the briefing before me. I deny Weinstein's motion to strike Meritor's response because Meritor was entitled to file it.

**Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Weinstein's motion for partial summary judgment **[ECF No. 65] is DENIED** and Meritor's motion for summary judgment **[ECF No. 83] is GRANTED**. I grant summary judgment in favor of Meritor on all claims. So, with good cause appearing and no reason for delay, the Clerk of Court is directed to **ENTER FINAL JUDGMENT in favor of Meritor, Inc. and against M. Paul Weinstein**.

**IT IS FURTHER ORDERED** that Weinstein's objections to Magistrate Judge Ferenbach's rulings **[ECF No. 124] are OVERRULED**.

**IT IS FURTHER ORDERED** that Weinstein's motion for leave to file a reply **[ECF No. 127] is DENIED**.

**IT IS FURTHER ORDERED** that Weinstein's motion to strike **[ECF No. 129] is DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **CLOSE THIS CASE**.

Dated: March 3, 2020

_____
U.S. District Judge Jennifer A. Dorsey